UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DANIELLE SMITH,

                                    Plaintiff,              6:05-CV-0593

          vs.

SHERWOOD BOEHLERT, Individually, and as
Congressman of the State of New York; TIMOTHY
JULIAN, Individually, and as Mayor of the City of
Utica; NEIL FATATA, Individually, and as police
officer for the City of Utica; LINDA SULLIVAN FATATA,
Individually, and as legal counsel for the City of Utica;
HARRY SCARAMELLA, Individually, and as legal counsel
for the City of Utica; JOHN ORILLIO, Individually and as
legal counsel for the City of Utica; ROBERT SULLIVAN,
Individually, and as Commissioner of Codes for the City
of Utica; PETER SCALISE, Individually, and as Investigator
for the Oneida County District Attorney; SCOTT McNAMARA,
Individually, and as First Assistant District Attorney for the
County of Oneida; CITY OF UTICA; COUNTY OF ONEIDA;
and STATE OF NEW YORK,

                                    Defendants.


- - - - - - - - - - - - - - - - - -- - - - - - - - - - - - - - - - - - - -

APPEARANCES:                            OF COUNSEL:

DANIELLE SMITH
Plaintiff, Pro Se

U.S. HOUSE OF REPRESENTATIVES          CHRISTINE DAVENPORT, ESQ.
OFFICE OF GENERAL COUNSEL
Counsel for Defendant Boehlert

OFFICE OF THE CORPORATION COUNSEL      CHARLES N. BROWN, ESQ.
CITY OF UTICA
Counsel for Defendants Julian, Fatata, Fatata,
   Scaramella, Orillio, Sullivan, and City of Utica

GORMAN, WASZKIEWICZ LAW FIRM           BARTLE J. GORMAN, ESQ.
Counsel for Defendants Scalise, McNamara,
   and County of Oneida

DAVID N. HURD
United States District Judge

**MEMORANDUM-DECISION and ORDER**

## I. Introduction

By her pro se complaint in this action, plaintiff Danielle Smith asserts numerous

claims against the defendants for the alleged violation of her civil and constitutional

rights.[1]  Plaintiff's claims arise out of a custody dispute involving plaintiff's daughter.

Defendant Neil Fatata, was the petitioner in custody proceedings in the Oneida County

Family Court, and plaintiff was the respondent.  Dkt. No. 5 (Affidavit of Neil Fatata in

Support of Motion to Dismiss).  The custody petition and related issues have been the

subject of extensive litigation in the state courts.  See Dkt. No. 5, Ex. A (Fatata v. Smith,

Decision and Order of Oneida County Family Court Judge Romano dated Nov. 13,

2003); Ex. C (Fatata v. Smith, 2005 WL 1006040 (N.Y. A.D. 4th Dep. Apr. 29, 2005).[2]

Plaintiff claims that the defendants acted individually, and in concert with one

another, in an "egregious, arbitrary, unauthorized and malicious fashion."  Dkt. No. 1 at

¶ 44.  Plaintiff further claims that defendants' actions violated her fundamental rights to

be a parent "without government interference," to be free from racial discrimination and

---

[1]  Plaintiff paid the statutory filing fee for this action and did not seek leave to proceed in forma pauperis.  Accordingly, plaintiff was responsible for effecting service of process of the summons and complaint on the defendants in accordance with Rule 4 of the Federal Rules of Civil Procedure.

[2]  Plaintiff also commenced a second action in this District related to the family court proceedings.  See Smith v. Romano, 6:05-CV-1148 (DNH).  Because the sole defendant in that action was the presiding family court judge, who is absolutely immune from liability on claims arising from the performance of her judicial duties, plaintiff's complaint was dismissed with prejudice.  Id., Dkt. No. 5 (Decision and Order filed September 27, 2005).

malicious prosecution, and to petition the government. Id. at ¶¶ 46, 48, 50.  In addition

to Fatata, plaintiff names the City of Utica, and several other City employees, Oneida

County, and two employees of the Oneida County District Attorney's Office, U.S.

Representative Sherwood Boehlert, and the State of New York, as defendants in this

action.

Motions to dismiss the complaint have been filed on behalf of all of the

defendants other than the State of New York.  Dkt. Nos. 5, 7, 10.[3]  Defendants maintain

that the complaint fails to state a claim as against them upon which relief may be

granted by this Court, and seek the dismissal of this action pursuant to Fed. R. Civ. P.

12(b)(6).[4]  Plaintiff has filed cross-motions in opposition to dismissal.  Dkt. Nos. 11, 12,

13.  Defendants have replied.  Dkt. Nos. 18, 20, 21.

For the reasons set forth herein, defendants' motions are granted and the

complaint is dismissed.

---

[3] It does not appear from the docket that New York State was served with the
summons and complaint.  Moreover, because plaintiff's damage claims against New York
are barred by the Eleventh Amendment to the United States Constitution, the state is not a
proper defendant in this action.  See U.S. Const., Amend. XI; *Hans v. Louisiana*, 134 U.S.
1 (1890); *Farid v. Smith*, 850 F.2d 917, 920-21 (2d Cir. 1988).

[4] The Oneida County defendants and defendant Boehlert also claim that service of
process was not properly effected and seek dismissal on this ground as well.  Dkt. Nos. 7,
10.

## II. Discussion

### A. Governing Legal Standards

#### 1. Motion to Dismiss

A court may not dismiss an action pursuant to Rule 12(b)(6) unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Cohen v. Koenig, 25 F.3d 1168, 1172 (2d Cir. 1994) (citing inter alia Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The court must accept the material facts alleged in the complaint as true. Id. (citing Cooper v. Pate, 378 U.S. 546 (1964) (per curiam)). In determining whether a complaint states a cause of action, great liberality is afforded to pro se litigants. Platsky v. Central Intelligence Agency, 953 F.2d 26, 28 (2d Cir. 1991).

#### 2. 42 U.S.C. § 1983 and *Bivens*

Plaintiff seeks to assert claims against the defendants for the alleged violation of her constitutional and statutory rights.[5] Section 1983 establishes a cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States by persons acting under color of state law. German v. Fed. Home Loan Mortg. Corp., 885 F.Supp. 537, 573 (S.D.N.Y. 1995) (citing Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983)) (footnote omitted). An action pursuant to Bivens v. Six Unknown Named Agents of the Federal

_____

[5] The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when a federal question is presented or when the parties are of diverse citizenship and the amount in question exceeds $75,000. The Court does not have subject matter jurisdiction of this action under 28 U.S.C. § 1332, because all of the parties are New York residents.

Bureau of Narcotics, 403 U.S. 388 (1971), although not precisely parallel, is the federal analog to a section 1983 action against state actors, and the constitutional standard of review is the same for either type of action.  See Chin v. Bowen, 833 F.2d 21, 24 (2d Cir. 1987) (noting that there is a "general trend in the appellate courts" to incorporate § 1983 law into Bivens cases) (citation omitted).

Section 1983 and Bivens create a right of action for the redress of federally protected rights; however, the substantive right must come from another source.  Singer v. Fulton County Sheriff, 63 F.3d 110, 119 (2d Cir. 1995).  Although allegations of wrongdoing and misconduct may abound, "the lawsuit will stand only insofar as the plaintiff can prove the *sine qua non* of a § 1983 action: the violation of a federal right."  Id.; see Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970) (one of the necessary elements of a § 1983 action "is that the defendant has deprived [the plaintiff] of a right secured by the 'Constitution and laws' of the United States.").

Parties may not be held liable under §1983 unless it can be established that they have acted under the color of state law.  See, e.g., Rounseville v. Zahl, 13 F.3d 625 (2d Cir. 1994) (noting state action requirement under § 1983).  State action is an essential element of any § 1983 claim.  See Gentile v. Republic Tobacco Co., No. 95-CV-1500, 1995 WL 743719, *2 (N.D.N.Y. Dec. 6, 1995) (Pooler, J.) (citing Velaire v. City of Schenectady, 862 F.Supp. 774, 776 (N.D.N.Y. 1994) (McAvoy, C.J.) (citation omitted).  Moreover, where the personal involvement of a defendant in a § 1983 violation is premised upon a claim of conspiracy, "a higher burden is imposed and requires that the plaintiffs file a detailed factual pleading."  Rigby v. Coughlin, 730 F. Supp. 1196, 1199 (N.D.N.Y. 1990) (McAvoy, J.).  Thus, "[i]t is incumbent on a plaintiff to state more than

5

conclusory allegations to avoid dismissal of a claim predicated on a conspiracy to deprive him of his constitutional rights." Polur v. Raffe, 912 F.2d 52, 56 (2d Cir. 1990).

In order to establish liability of a municipality pursuant to 42 U.S.C. § 1983 for violation of civil or constitutional rights, a plaintiff must allege that the municipality "has adopted a 'custom' or 'policy' which is the 'moving force' behind [the violation]." Zappala v. Albicelli, 980 F. Supp. 635, 639 (N.D.N.Y. 1997) (Scullin, J.) (citing Monell v. Dept. of Social Services of City of New York, 436 U.S. 658, 689 (1978)) (other citations omitted).  A municipality may not be held liable on the basis of respondeat superior alone. Id.

The "applicable statute of limitations for § 1983 actions arising in New York requires claims to be brought within three years." Pinaud v. County of Suffolk, 52 F.3d 1139, 1156 (2d Cir. 1995).  A § 1983 cause of action accrues "when the plaintiff knows or should know of the injury that is the basis of the cause of action." Covington v. City of New York, 916 F.Supp. 282, 285 (S.D.N.Y. 1996) (citing Woods v. Candela, 13 F.3d 574, 575 (2d Cir. 1994)).  "Thus, in determining when the statute begins to run, the "'proper focus is on the time of the [wrongful] act, not the point at which the consequences of the act become painful.'" Covington, 916 F.Supp. at 285 (citations omitted).

**B. Defendants' Motions to Dismiss**

Defendants advance numerous arguments in support of their respective motions to dismiss.  These claims are addressed below.

## 1. **City of Utica Defendants**

In addition to the City of Utica, plaintiff names the Mayor and six city employees as defendants.[6] The Utica defendants maintain that plaintiff's complaint must be dismissed as against them because "the complaint utterly fails to allege anything even approaching 'state action' by any of [them]." Dkt. No. 5, Memorandum of Law ("City MOL") p. 4.

### a. **Defendants Fatata, Sullivan Fatata, and Scaramella**

Defendants Neil Fatata, Linda Sullivan Fatata, and Harry Scaramella participated in the family court custody proceedings, as petitioner, witness, and counsel for the petitioner, respectively. Each of these individuals is employed by the City of Utica. Plaintiff claims that these defendants improperly "fought plaintiff's entire family court case out of city hall." Dkt. No. 1 at 7. According to plaintiff, these defendants were "on the clock" for the City of Utica during the family court proceedings, and their participation therein was therefore improper. Id.; Dkt. No 13 at 3-10.

Plaintiff does not claim that these individuals were acting in any capacity other than their private capacities with respect to the family court proceedings. In fact, the crux of her claim is that these defendants were pursuing their private interests when they should have been performing the duties of their public employment. Clearly, the element of state action necessary for a § 1983 claim is absent from plaintiff's complaint.

Moreover, even if the Court were to assume for purposes of this motion that these individuals violated the terms and conditions of their city employment by

---

[6] Two of these employees, Robert Sullivan and John Orilio, were not served with the summons and complaint. Dkt. No. 5 (Aff. of Charles N. Brown ¶ 4).

participating in a private family court matter during their normal working hours,[7] plaintiff has failed to provide any nexus between that alleged misconduct and the violation of her federally protected rights.  The mere fact that the defendants are public employees does not convert their private actions into actions taken under color of state law for which they may be held liable under § 1983.

Accordingly, the Court finds that plaintiff's complaint fails to state a claim against defendants Neil Fatata, Linda Sullivan Fatata, and Harry Scaramella pursuant to § 1983 and these individuals are hereby dismissed as defendants in this action.

### b. Defendant Timothy Julian

Timothy Julian, Mayor of the City of Utica, is also named as a defendant in this action.  Dkt. No. 1 at 2.  Plaintiff alleges that defendant Julian refused to speak with her in June 2003, regarding her concerns that city employees were conducting private legal business "out of city hall."  Dkt. No. 1 ¶ 30.  In addition, although an investigation of plaintiff's claims was undertaken at the direction of defendant Julian (see id. at ¶ 31), plaintiff was clearly dissatisfied with the outcome.  Id. at ¶¶ 32-33.

The allegations of plaintiff's complaint are patently insufficient to state a claim against defendant Julian for the violation of plaintiff's statutory or constitutional rights. As discussed, infra, plaintiff does not enjoy a federally protected right to consult with her

---

[7] According to defendants' counsel, an independent investigation conducted by a retired state supreme court justice at the behest of the mayor exonerated members of the Utica law department from claims that they were improperly engaged in private practice. Dkt. No. 5, City MOL p. 5.  A copy of that report was submitted by plaintiff in opposition to the motion to dismiss.  Dkt. No. 13, ex. C.

elected officials, and her disagreement with their determinations does not give rise to a private cause of action pursuant to § 1983.

The defendants' motion to dismiss the complaint as against defendant Julian is granted.

### c. Defendant Robert Sullivan

Defendant Sullivan is identified by plaintiff as the brother-in-law of defendant Neil Fatata. Id. at ¶ 27. Sullivan is the Commissioner of Codes for the City of Utica. Id. at ¶ 8. Plaintiff alleges that defendant Robert Sullivan wrote a letter to the local newspaper complaining about its coverage of the family court custody proceedings. Plaintiff further alleges that Sullivan distributed copies of his letter to local residents. Dkt. No. 1 ¶¶ 27, 28.

Plaintiff's complaint is devoid of any allegation that Sullivan acted under color of state law to violate plaintiff's federally protected rights. Accordingly, the Court finds that the complaint fails to state a claim against defendant Sullivan upon which relief may be granted and dismisses him as a defendant in this action.

### d. Defendant John Orilio

Defendant Orilio is identified as legal counsel for the City of Utica. Dkt. No. 1 at ¶ 7. The complaint, however, is devoid of any allegations of wrongdoing or misconduct as against this defendant. In opposition to defendants' motion to dismiss, plaintiff appears to claim that defendant Orilio participated in the custody proceeding as a private attorney, notwithstanding his employment by the City of Utica. Dkt. No. 13 at 5-6.

9

For the reasons discussed above with respect to plaintiff's claims as against defendants Fatata, Sullivan Fatata, and Scaramella, even if these allegations against defendant Orillio were set forth in a proper pleading, the alleged wrongdoing does not state a claim for the violation of plaintiff's statutory or constitutional rights. The Court therefore dismisses this action as against defendant Orilio.

### e. City of Utica

Plaintiff claims that the City of Utica has a long standing policy which permits and promotes racial discrimination against African-Americans. Dkt. No. 1 at 12. Plaintiff further claims that the individual city defendants acted pursuant to this policy in the "private Court Custody matter." Id.

This claim is not sufficient to survive defendants' motion to dismiss. Because the complaint is devoid of any allegation of wrongdoing or misconduct by the City of Utica or by its employees in their capacity as city employees which violated plaintiff's federally protected rights, the complaint fails to state a claim against the City of Utica upon which relief may be granted. Defendants' motion to dismiss is therefore granted as to the City of Utica.

### 2. Oneida County Defendants

In addition to the County of Oneida, plaintiff names Investigator Peter Scalise and First Assistant District Attorney Scott McNamara as defendants in this action. These defendants assert numerous grounds in support of their motion to dismiss. Dkt. No. 7.

10

At the outset, the Court finds that defendants Scalise and McNamara were not properly served with the summons and complaint in accordance with Rule 4 of the Federal Rules of Civil Procedure.  It appears that plaintiff attempted service by leaving copies of the summons and complaint with a secretary in the office of the Oneida County District Attorney.  Dkt. No. 3.  According to Scalise and McNamara, they did not authorize anyone in that office to accept service of process on their behalf.  Dkt. No. 7 (Aff. of Scott McNamara ¶¶ 3-4); (Aff. of Peter Scalise ¶¶ 3-4).

In light of plaintiff's pro se status, and because any dismissal for ineffective service of process is without prejudice, the Court has also considered the sufficiency of plaintiff's claims as against these defendants.

### a. **Defendant Peter Scalise**

Plaintiff complains that Scalise sent a letter threatening plaintiff with arrest if she had further contact with defendant Neil Fatata and his family.  Dkt. No. 1 at ¶ 33.  In opposition to defendants' motion to dismiss, plaintiff also purports to assert a claim against Scalise based upon testimony he gave in family court in January 2002.  Dkt. No. 12 at p. 1.[8]

Scalise contends that plaintiff's claims as against him are barred by the statute of limitations and must be dismissed.  Scalise states in his affidavit that, while undated,

---

[8]  The custody petition was filed in Oneida County Court in August, 2001.  Dkt. No. 5, Fatata Aff. ¶5 and Ex. A (Decision and Order dated November 13, 2003 by Family Court Judge Romano) at p. 2.

the letter to plaintiff was written in the year 2000.  Dkt. No. 21, Affidavit of Peter Scalise ¶ 3.[9]

Plaintiff signed and filed her complaint in this action on May 10, 2005.

Based upon the foregoing, it is clear that any claims that plaintiff might have against defendant Scalise arising from the actions complained of accrued well before the start of the three year limitations period for claims which properly may be asserted in this action, *i.e.*, May 10, 2002, and are therefore time-barred.[10]

Accordingly, the Court grants Scalise's motion and dismisses him as a defendant in this action, with prejudice.

### b. Defendant Scott McNamara

Plaintiff claims that defendant McNamara sent plaintiff a letter threatening her with arrest.  Dkt. No. 1 at ¶ 33.  This letter was dated April 18, 2001.  Dkt. No. 12, Ex. A. For the reasons set forth above, it is clear that any claim arising out of this letter is barred by the three years statute of limitations and is hereby dismissed.

---

[9]  According to Scalise, Bernadette T. Romano, listed on the letterhead as the First Assistant District Attorney, assumed the position of Oneida County Family Court Judge in 2001 and would not have appeared on the District Attorney's Office letterhead subsequent to December 31, 2000.  Id.

[10]  It further appears that Scalise is absolutely immune from any claims plaintiff might assert against him arising out of testimony he provided in the family court proceeding, and the complaint must be dismissed as against him, with prejudice, for this reason as well.  In Briscoe v. LaHue, 460 U.S. 325 (1983), the Supreme Court held that police officers are absolutely immune from liability under § 1983 for testifying falsely at trial.  The holding in Briscoe is grounded on the common law rule that witnesses are absolutely immune from liability for claims arising out of their testimony at trial.  Briscoe, 460 U.S. at 330-31.  See Taylor v. Hansen, 731 F.Supp. 72, 75-76 (N.D.N.Y. 1990) (McCurn, C.J.).

Plaintiff also claims that her request that the District Attorney's Office investigate the City of Utica Corporation Counsel for possible criminal activity was refused, and that this refusal violated her federally protected rights. Dkt. No. 1 at ¶¶ 33, 34. Assuming, *arguendo*, that defendant McNamara was personally involved in this matter, he is absolutely immune from liability on this claim.

"Prosecutors are absolutely immune from liability under § 1983 for their conduct in initiating a prosecution and in presenting the State's case." Pinaud v. County of Suffolk, 52 F.3d 1139, 1147 (2d Cir. 1995) (internal quotations and citations omitted); see Dory v. Ryan, 25 F.3d 81, 83 (2d Cir. 1994) (prosecutorial immunity covers virtually all acts, regardless of motivation, associated with the prosecutor's function, including conspiracies to present false evidence). This immunity also applies to individual district attorneys for claims arising out of acts "within the scope of their duties in initiating and pursuing criminal prosecution." Id. (internal quotations and citations omitted). The decision not to initiate or pursue criminal prosecution falls squarely within the prosecutor's function.

Accordingly, defendant McNamara is absolutely immune from liability on any claim arising out of a requested investigation and is therefore dismissed as a defendant in this action with prejudice.

### c. **Defendant Oneida County**

The County of Oneida seeks dismissal of plaintiff's complaint for failure to state a claim upon which relief may be granted. The County maintains that plaintiff has failed to allege the existence of a custom or policy of the County which was the moving force in causing the violation of her federally protected rights. Indeed, as noted by the

13

County defendants in their memorandum of law, the complaint does not set forth any allegations whatsoever of wrongful acts or omissions on the part of the County.

In opposition to the motion to dismiss, plaintiff does not address the arguments asserted by the County in support of its dismissal motion. Dkt. No. 12. Rather, plaintiff merely reasserts her claim that McNamara and Scalise are proper defendants. Id.

Based upon the foregoing, the Court finds that the complaint fails to state a claim pursuant to § 1983 upon which relief may be granted against the County of Oneida, and dismisses the County of Oneida as a defendant in this action.

### 3.  Defendant Sherwood Boehlert

Sherwood Boehlert, U.S. Representative for the 24th Congressional District, is named as a defendant in plaintiff's complaint.  Plaintiff claims that Representative Boehlert "lodged a Congressional Inquiry" against her husband at the request of defendant Neil Fatata, and that he declined to assist plaintiff when she asked for his help.  Dkt. No. 1 at ¶¶ 36, 37.  The sole legal claim asserted in the complaint which arguably applies to defendant Boehlert is that he deprived plaintiff of her right to petition the government.  Id. at ¶ 52.

Plaintiff's allegations as against defendant Boehlert are patently insufficient to state a claim upon which relief may be granted and the complaint is hereby dismissed as against him.[11]

---

[11]  Plaintiff's claims against Defendant Boehlert in his official capacity are barred by the doctrine of sovereign immunity and are hereby dismissed.  Dkt. No. 10 at 3-4; see Hawaii v. Gordon, 373 U.S. 57, 58 (1963).  In addition, service of process was not properly effected on this defendant in accordance with Rule 4(i)(2) of the Federal Rules of Civil Procedure.

As noted, plaintiff complains that Boehlert made an official inquiry to the Air

Force regarding her husband.  Dkt. No. 1 at ¶ 36.[12]  It appears that this request for

information was made at the behest of defendant Neil Fatata, a constituent of

defendant Boehlert's.  Boehlert does not deny making an inquiry on behalf of a

constituent; indeed, Members of Congress routinely "engage in many activities other

than . . . purely legislative activities . . . includ[ing] a wide array of legitimate 'errands'

performed for constituents."  United States v. Brewster, 408 U.S. 501, 512 (1972).

However, plaintiff has utterly failed to establish that Boehlert's actions were in any way

improper, nor has she demonstrated any nexus between these actions and the alleged

violation of her constitutional or statutory rights.

To the extent that plaintiff asserts a claim against defendant Boehlert based

upon his alleged refusal to assist her in connection with the family court proceedings,

such a claim is legally insufficient and is hereby dismissed.  See e.g., Minnesota State

Board for Community Colleges v. Knight, 465 U.S. 271, 285 (1984) ("Nothing in the

First Amendment or in this Court's case law interpreting it suggests that the rights to

speak, associate, and petition require government policymakers to listen or respond to

individuals' communications on public issues."); Craft v. McNulty, 875 F.Supp. 121, 124

(N.D.N.Y. 1995) (dismissing suit alleging that Member of Congress (i) failed to respond

to constituent's concerns that IRS employees were acting illegally, and (ii) refused to

hold a hearing on the matter; holding that refusal to assist constituent does not rise to

---

[12]  Plaintiff's attempt to describe this request for information as a formal "Congressional Inquiry" as that term is generally understood, is clearly incorrect.  See Dkt. No. 10 at fn. 2.

15

the level of an actionable wrong).  Instead, "[d]isagreement with public policy and

disapprovals of officials' responsiveness ... is to be registered principally at the polls."

Minnesota State Board for Community Colleges, supra, 465 U.S. at 285.

In sum, plaintiff does not enjoy a federally protected right to be listened to or

assisted by elected officials with respect to public issues.  There is no question but that

she enjoys no such right with respect to the pursuit of her personal concerns.

Moreover, inasmuch as plaintiff was not a constituent of Boehlert's at the time of the

alleged request, there is absolutely no basis upon which a conclusion could be drawn

establishing that Boehlert owed any duty to plaintiff the violation of which states a claim

pursuant to Bivens.[13]

### 4.  State Law Claims

Plaintiff also seeks to assert state law claims against the defendants and

requests that this Court exercise its pendent jurisdiction to consider those claims.  In

light of this Court's determination that plaintiff has failed to properly invoke this Court's

federal jurisdiction, there is no basis upon which the Court may properly exercise

jurisdiction to consider plaintiff's state law tort claims.

Dismissal of plaintiff's state law claims is also warranted because they are barred

by the applicable statute of limitations and by plaintiff's failure to serve a Notice of Claim

as required by state law.  New York General Municipal Law Section 50-i provides that

an action against a municipality must be commenced within one year and ninety days

---

[13]  Indeed, had Boehlert assisted plaintiff, his action might have run afoul of the
ethics rules for the House of Representatives, which generally prohibit members from
performing constituent services for individuals who reside outside their legislative district.
See Dkt. No. 10, Memorandum of Law at 6 and Ex. A.

after the happening of the event upon which the claim is based.  In addition, subdivision 1.(a) requires that a Notice of Claim be filed with the municipality within ninety days after the claim arose.

According to the complaint, the latest date on which any of the actions complained of occurred was in June 2003.  Dkt. No. 1 ¶ 30.  The complaint in this action was filed May 16, 2005, nearly two years later.  It does not appear, and plaintiff does not claim to the contrary, that a notice of claim was filed with either the City of Utica or the County of Oneida.  Dkt. Nos. 5 (Aff. of Charles N. Brown, Esq. p. 2-3); 7 (Aff. of Bartle J. Gorman, Esq. p. 2-4).

Based upon the foregoing, plaintiff's state law claims against the defendants are hereby dismissed.

## III.  Conclusion

WHEREFORE, for the reasons set forth herein, it is hereby

ORDERED, that

1.  The Motion to Dismiss by defendants City of Utica, Timothy Julian, Neil Fatata, Linda Sullivan Fatata, Harry Scaramella, John Orilio, and Robert Sullivan (Dkt. No. 5) is GRANTED;

2.  The Motion to Dismiss by defendants Oneida County, Peter Scalise, and Scott McNamara (Dkt. No. 7) is GRANTED;

3.  The Motion to Dismiss filed by defendant Sherwood Boehlert (Dkt. No. 10) is GRANTED;

4.  The Cross-Motions filed by plaintiff in opposition to the defendants' Motions to Dismiss (Dkt. Nos. 11, 12, 13) are DENIED; and

17

5.  The complaint is DISMISSED in its entirety.

The Clerk is directed to enter judgment accordingly and close the file.

IT IS SO ORDERED.

_____
United States District Judge

Dated:   March 8, 2006
         Utica, New York.

18